Donald **BRAY**, Individually and as Next Friend of Cheryl Bray, et al.,

v.

**SOUTH TEXAS TIRE TEST FLEET, INC.**

Civ. A. No. SA70CA138.

United States District Court,
W. D. Texas,
San Antonio Division.

March 8, 1971.

Harold D. Putman, Putman & Putman, San Antonio, Tex., for plaintiffs.

Jack Hebdon, Groce, Hebdon, Fahey & Smith, San Antonio, Tex., for defendant.

OPINION

SPEARS, Chief Judge.

The defendant filed a motion to dismiss the complaint on the ground that the Court lacks jurisdiction over the subject matter because the controversy is not wholly between citizens of different states.

Donald Bray brought this suit individually and as next friend of his minor children, Cheryl Bray, Terri Bray and Dorothy Bray, alleging damages because of a collision on November 11, 1969, in Medina County, Texas, between a car operated by Dolly Bray, the wife of Donald Bray, and a truck operated by an employee of South Texas Tire Test Fleet, Inc., a Texas Corporation. As a result of the accident, Dolly Bray and Gerald Bray (the son of Donald and Dolly Bray) were killed. The Court granted an oral hearing on the Motion to Dismiss. No testimony was offered but the deposition of Donald Bray had been taken and was on file and before the Court.

Mr. Bray testified by deposition that at the time of the accident, he and his family lived in Devine, Texas, and that he owned a homestead there until two weeks before his deposition was taken on August 14, 1971. For about five years before the accident he had been unable to get a job as a pipe fitter in the Devine area and had traveled to other areas of the State, leaving his family in Devine. At the time of the accident he was working in Texas City. When that job was concluded he got his next job at White Castle, Louisiana with the Kellogg Company during the middle of March, 1970. He brought this suit in Federal Court April 3, 1970, contending that it was his intention to move his children there after they got out of school. He said he intended to make Louisiana his permanent home, but on the date suit was brought he still owned his home in Devine, Texas where his children lived with his daughter. His car was still licensed with a Texas license, and he had not registered to vote

in Louisiana. He was renting a room with a friend in White Castle, Louisiana, at $20.00 a week. He admitted that he had no arrangements of any kind to secure a home in Louisiana or to secure a place for the children to stay. On May 26, 1970, Mr. Bray himself had a serious automobile accident and he was severely injured. At the time of his deposition he was still recuperating from his injuries in Devine, Texas.

I conclude on the basis of the evidence in this case that Mr. Bray did not effect a change of his domicile to Louisiana. Mere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well as by what he says, Walden v. Broce Construction Company, 357 F. 2d 242 (10th Cir., 1966).

The evidence is undisputed but conflicting inferences and deductions may be drawn from it. In my opinion it is not reasonable to conclude that there was an intent to remain in Louisiana and, therefore, on the day that he brought this suit Mr. Bray had not established a permanent residence in the State of Louisiana.

The Motion to dismiss the Complaint is granted.